the

# United States Court of Appeals
## For the Seventh Circuit

No. 22-2621

G.G. and DEANNA ROSE,

*Plaintiffs-Appellants*,

*v.*

SALESFORCE.COM, INC.,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:20-cv-02335 — **Andrea R. Wood**, *Judge*.

On Petition for Rehearing En Banc or Panel Rehearing

DECIDED October 18, 2023

Before SYKES, *Chief Judge*, EASTERBROOK, ROVNER, BRENNAN, SCUDDER, ST. EVE, KIRSCH, JACKSON-AKIWUMI, LEE, and PRYOR, *Circuit Judges*.

PER CURIAM. On consideration of defendant-appellee's petition for rehearing en banc or panel rehearing, filed on August 17, 2023, all judges on the panel have voted to deny panel

rehearing. A judge in regular active service called for a vote on the petition for rehearing en banc, and a majority in active service voted to deny the petition for rehearing en banc. Judges Brennan, Scudder, St. Eve, and Kirsch voted to grant the petition for rehearing en banc.

Accordingly, the petition for rehearing en banc or panel rehearing by defendant-appellee is DENIED.

SCUDDER, *Circuit Judge*, joined by ST. EVE, *Circuit Judge*, dissenting from the denial of the petition for rehearing *en banc*.

While I agree with the panel's narrow holding that G.G. stated a claim against Salesforce for participation liability under 18 U.S.C. § 1595, I am troubled by the overbroad and unnecessary language in the panel opinion, which risks being read to offer answers to questions not presented in this case.

Article III's Case or Controversy requirement limits federal courts to the resolution of concrete disputes between adverse parties. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61 (1992). When our decisions exceed that limitation—when we reason with overbreadth—we risk the issuance of advisory opinions. See *Muskrat v. United States*, 219 U.S. 346, 362 (1911); see also *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). The majority opinion leaves me with that worry.

The opinion clearly explains Backpage's notorious sex trafficking operations, the widespread awareness of those operations, and the scope of Salesforce's assistance—which, on the facts alleged in G.G.'s complaint, could only be understood as furthering those affairs. See Slip Op. at 3–6. The panel majority is also right to conclude that § 1595 does not require victim-specific knowledge.

Had the opinion stopped there, nobody would be reading this dissent. But in too many places the opinion goes further and suggests without qualification that § 1595 participant liability could attach to anyone in a "continuous business relationship" with a sex trafficking operation like Backpage. See Slip Op. at 17–18, 25, 28, 36–37. It also suggests that knowledge can be inferred from the bare allegation that a defendant "repeatedly consulted" with a trafficker about its

business without a link to the illegal activity. See Slip Op. at 17.

Better to leave tomorrow's difficult questions about the scope of § 1595 for tomorrow's cases. To put the point more directly, everyone reading the majority opinion ought to distinguish between the court's holding and key reasoning and the broader unwarranted commentary suggesting that § 1595 participant liability may apply in expansive ways to more ordinary business relationships. In my respectful view, our full court missed an opportunity to come together to preserve the panel's essential and sound reasoning and to leave everything else for another day.